UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY LEE LEWIS, | ) |
| Plaintiff, | ) |
| v. | ) 18-CV-3052 |
| MICHELLE OLSON, DAN FRY, KIRK, MR. BANTA, | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from the Illinois River Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Defendants Kirk and Fry have prevented Plaintiff from using the grievance procedure by taking Plaintiff's grievances and not processing them. Defendant Fry also allegedly did nothing to assist Plaintiff in Plaintiff's legal pursuits and put Plaintiff in for a transfer in retaliation for a lawsuit Plaintiff had filed. The grievances that Plaintiff was able to file were allegedly not handled properly.

The allegations against Defendants Kirk and Fry about interfering with Plaintiff's ability to use the prison grievance procedure do not state a constitutional claim. Plaintiff does not have a constitutional right to a prison grievance procedure. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996).

Plaintiff's allegation that Defendant Fry arranged for Plaintiff's transfer in retaliation for another of Plaintiff's lawsuits is too vague and conclusory to state a claim. The only other lawsuit Plaintiff had going at that time was a lawsuit about the conditions of confinement in Western Illinois Correctional Center. <u>Lewis v. Watson</u>, 17-cv-3175 (C.D. Ill.). The Warden is the only Defendant in that case (17-cv-3175), and Plaintiff's transfer did not occur until months after that case was served, according to the dockets. Plaintiff offers no facts which might allow an inference that Defendant Fry knew about the case or was motivated by retaliation about that case. Additionally, Plaintiff does not explain how a transfer from Western Illinois Correctional Center to Illinois River Correctional Center was adverse—both prisons are medium security prisons, and Plaintiff allegedly received reading classes in Illinois River, something which he was denied in Western. <u>Surita v. Hyde</u>, 665 F.3d 860, 878 (7th Cir. 2011)(First Amendment retaliation "claims must be based on a concrete adverse action which would deter a person of 'ordinary firmness' from exercising a First Amendment right."). Defendants Fry and Kirk will be dismissed without prejudice for failure to state a claim against them.

Plaintiff makes no specific allegations against Officer Banta, who is listed in the caption but not in the body of the complaint. Officer Banta will also be dismissed, without prejudice.

The last Defendant to discuss is Defendant Olson. Plaintiff alleges that, in retaliation for Plaintiff's grievances against Defendant Olson, Defendant Olson allegedly interfered with Plaintiff's ability to access legal materials and either refused or was unable to help Plaintiff with his legal research. Defendant Olson also allegedly did not have complete books of statutes or the proper legal forms that Plaintiff needed to pursue post-conviction relief.

The Court cannot rule out a First Amendment claim against Defendant Olson for interfering with Plaintiff's access to legal resources in retaliation for Plaintiff's grievances against Defendant Olson, though exactly what the retaliation was is unclear. Defendant Olson cannot be liable solely because the law library is inadequate. The Court also cannot rule out a First Amendment claim against Defendant Olson for allegedly interfering with Plaintiff's ability to file for post-conviction relief. Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003)("[A] right to access-to-courts claim exists only if a prisoner is unreasonably prevented

from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access and are not protected in and of themselves.").

**IT IS ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states First Amendment claims against Defendant Olson for retaliating against Plaintiff for Plaintiff's grievances and for interfering with Plaintiff's efforts to pursue post-conviction relief.

2) Defendants Fry, Kirk, and Banta are dismissed without prejudice for failure to state a claim against them.

3) This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

4) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for the Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be

denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5) The Court will attempt service on Defendant by mailing the Defendant a waiver of service. The Defendant has 60 days from the date the waiver is sent to file an Answer. If the Defendant has not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) The Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under

the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendant's position.  The Court does not rule on the merits of this position unless and until a motion is filed by the Defendant.  Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) If the Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on the Defendant and will require the Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel.

13) **Plaintiff's motion for the Court to appoint counsel is denied (4),** with leave to renew upon setting forth how far he has gone in school, any jobs he has held inside and outside of prison,

any classes he has taken in prison, any prior litigation experience he has, and any other current litigation he has pending.

14) **The clerk is directed to terminate Defendants Fry, Kirk, and Banta.**

15) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on the Defendant pursuant to the standard procedures.**

16) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: May 17, 2018

FOR THE COURT:

                                **s/Sue E. Myerscough**
                                SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE